

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,378-01

### EX PARTE FELIX DELACRUZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. DCR-5914-19A IN THE 154TH DISTRICT COURT
### FROM LAMB COUNTY

*Per curiam.* KEEL, J. filed a dissenting opinion in which KELLER, P.J., YEARY, and SLAUGHTER, JJ. joined.

## O P I N I O N

Applicant pleaded guilty and was convicted of continuous sexual abuse of a child and sentenced to forty years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that plea was involuntary because counsel gave him erroneous information regarding his parole eligibility. Applicant contends, and counsel admits, that Applicant was told that he would be eligible for parole after serving twenty years, but in fact, this sentence is without parole. Applicant contends that he would not have pleaded guilty but for counsel's bad

information. We find that there is a reasonable probability that Applicant would have rejected the plea and gone to trial had he known that the sentence was without parole. *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997).

Relief is granted. *Brady v. United States*, 397 U.S. 742 (1970). The judgment in cause number DCR-5914-19 in the 154th District Court of Lamb County is set aside, and Applicant is remanded to the custody of the Sheriff of Lamb County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: April 17, 2024
Do not publish